**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Russell Dean Millsaps, | No. CV-19-05209-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Magistrate Judge James F. Metcalf issued a Report and Recommendation ("R&R") concluding Petitioner filed his federal petition for writ of habeas corpus outside the one-year statute of limitations. (Doc. 46). Petitioner filed objections, arguing the R&R omitted relevant background information and that, even now, the one-year limitations period has not started to run because of errors in Petitioner's state-court proceedings. (Doc. 49). Having reviewed the R&R, Petitioner's objections, and the remainder of the record, the petition is untimely. Therefore, the R&R will be adopted in full.

**BACKGROUND**

The R&R begins its overview of the relevant proceedings by stating Petitioner was indicted in April 2015. (Doc. 46 at 2). Petitioner argues that is not the proper starting point. According to Petitioner, he was first indicted in state court in March 2013. (Doc. 49 at 1). That indictment was later dismissed "because the State ran out of time to proceed to trial." (Doc. 49 at 2). Petitioner was then reindicted in September 2013. But

again "the State ran out of time," and that indictment was dismissed. Petitioner was then indicted a third time in April 2015. The April 2015 indictment contained the charges that went to trial.

After trial, Petitioner was convicted of five counts of child molestation and thirteen counts of sexual exploitation of a minor. Petitioner was sentenced to 306 years of imprisonment. Petitioner filed a direct appeal. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), his appointed counsel filed a brief stating there were no arguable issues. The *Anders* brief described the events beginning with the third indictment in April 2015. (Doc. 13-1 at 43). Petitioner obtained separate counsel and that counsel filed a supplemental brief focusing on evidentiary issues. That supplemental brief did not discuss the first or second indictments. (Doc. 13-1 at 52).

On July 31, 2018, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. (Doc. 13-1 at 3). Petitioner did not file a motion for reconsideration nor did he seek review by the Arizona Supreme Court. On September 16, 2019, Petitioner filed his federal petition for writ of habeas corpus. (Doc. 1). Approximately one month later, on October 11, 2019, Petitioner filed a "Notice of Request for Post-Conviction Relief" in state court. (Doc. 13-1 at 68). The state court concluded the notice was "facially non-meritorious," and dismissed it on November 22, 2019. Also in November 2019, Petitioner filed an amended petition in federal court. (Doc. 9). Briefing on Petitioner's amended federal petition was completed in January 2021 and the R&R was issued shortly thereafter.

The R&R concludes the initial petition was filed outside the one-year limitations period based on the following calculation. By statute, the one-year limitations period began to run on the date direct review concluded "or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Arizona Court of Appeals issued its decision in Petitioner's direct review proceeding on July 31, 2018. Pursuant to Arizona law, Petitioner had thirty days to file a petition for review with the Arizona Supreme Court. Ariz. R. Crim. P. 31.21(b)(2). Because Petitioner did not seek such

review, his direct review proceedings concluded thirty days after the decision by the Court of Appeals, *i.e.* August 30, 2018. Petitioner did not file his federal petition until September 16, 2019. Thus, the federal petition was filed seventeen days after expiration of the one-year period.[1] Based on this calculation, the R&R concludes the petition was untimely. Moreover, the R&R finds Petitioner is entitled to equitable tolling nor is he entitled to the "actual innocence" exception to the statute of limitations. Petitioner filed objections as well as numerous other documents arguing his petition should be found timely.

## ANALYSIS

Petitioner's objections primarily deal with what occurred during his direct appeal. In Petitioner's view, neither his appointed counsel who filed the *Anders* brief nor his counsel who filed the supplemental brief had access to the "complete record" in preparing the appellate briefs. In particular, neither counsel had access to the records regarding Petitioner's first and second indictments. Therefore, Petitioner argues "the *Anders* brief is invalid" and "the supplemental brief is also invalid." (Doc. 49 at 2, 4). Petitioner then argues the decision by the Arizona Court of Appeals is "invalid" because that court "did not review the complete record" prior to affirming Petitioner's convictions and sentences. (Doc. 49 at 5). Based on the briefs and the appellate decision being "invalid," Petitioner asserts the federal one-year limitations period never began to run. That is incorrect.

The federal limitations period begins to run upon the conclusion of direct review proceedings even when, as here, the petitioner believes his direct review proceedings were flawed in some way. As explained in the R&R, "[d]efective state proceedings in and of themselves are no bar to filing a federal habeas petition." (Doc. 46 at 7). In fact, flaws in the state trial or direct review proceedings are a requirement for seeking federal habeas relief. In other words, a federal petition for writ of habeas corpus must be based

---

[1] The fact that Petitioner filed a state court post-conviction relief petition in October 2019 does not impact this calculation because a state petition filed after expiration of the federal limitations period does not restart the federal period.

on some flaw in the trial or direct review proceeding. If the existence of a flaw in the state court proceedings meant the federal statute of limitations did not begin, the statute of limitations would never be implicated in cases with meritorious claims. Accordingly, even assuming Petitioner is correct and neither his counsel nor the Arizona Court of Appeals reviewed the entire record, those failures did not prevent the federal statute of limitations from beginning on August 30, 2018.

Petitioner further objects to the R&R's conclusion that he is not entitled to invoke the "actual innocence" exception to the statute of limitations. The R&R concluded the "actual innocence" exception requires "new reliable evidence" showing Petitioner is not, in fact, guilty. (Doc. 46 at 13). Petitioner objects, claiming "new evidence" is not required. Instead, Petitioner believes the Court should look to the existing evidence to determine whether "the elements of the alleged crime" were proven. (Doc. 49 at 8). As set forth in the governing Supreme Court case, the "actual innocence" exception to the statute of limitations "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013). Petitioner has not presented such evidence.

Similarly, Petitioner is not entitled to equitable tolling. Petitioner bases his argument regarding equitable tolling on the alleged denial of "full appellate review" in the state courts. (Doc. 49 at 8). But the alleged flaws in his state court appellate proceedings do not establish the elements of equitable tolling. "A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020). Petitioner has not established either element.

Finally, Petitioner has filed a "motion to remove impediments," a "motion to amend the initial habeas corpus petition," and a "motion for leave to file comprehensive legal memorandum." Respondent has filed a motion to strike Petitioner's "sur-reply" in

support of his objections to the R&R. None of these motions impact the timeliness inquiry. Therefore, they will all be denied as moot.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 46) is **ADOPTED IN FULL**. The amended petition for writ of habeas corpus (Doc. 9) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** a certificate of appealability is **DENIED** because jurists of reason would not find it debatable whether the Court was correct in its procedural ruling.

**IT IS FURTHER ORDERED** the Amended Motion to Remove Impediments (Doc. 38), Motion to Amend (Doc. 50), Motion to Strike (Doc. 54), and Motion for Leave (Doc. 56) are **DENIED**.

Dated this 2nd day of September, 2021.

Honorable Roslyn O. Silver
Senior United States District Judge